UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EUGENE A. ZELLER and                          CIVIL ACTION
CAROLYN ZELLER

v.                                            NO. 07-102

ALLSTATE INSURANCE COMPANY                    SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motion to set jurisdictional issue for hearing.  For the reasons that follow, IT IS ORDERED: that the case is hereby remanded to Civil District Court for the Parish of Orleans.

The plaintiffs sued Allstate for damages and penalties arising from Allstate's alleged failure to pay "additional damages and losses above those previously paid by Allstate, together with all interest and costs should Allstate fail to make timely payments for any such additional damages and losses.

The plaintiff filed suit in state court, Allstate removed the suit on diversity jurisdiction grounds.  The case was originally assigned to Judge Berrigan before it was transferred to this Court.  Judge Berrigan ordered the parties to

> submit memoranda directed to the following issue...: Did the minimum jurisdicional amount exist at the time this action was removed? Affirmative proof as to the minimum

1

>jurisdictional amount shall be provided. The parties are reminded that they may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).

After the parties submitted their papers, but before Judge Berrigan considered them, the case was transferred to this Section.  This Court now considers whether it has subject matter jurisdiction over the suit based on the parties' submissions.  The plaintiff contends that the jurisdictional amount in controversy is not met.

I.

The removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. <u>See</u> <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. <u>York v. Horizon Fed. Sav. and Loan Ass'n</u>, 712 F. Supp. 85, 87 (E.D. La. 1989); <u>see</u> <u>also</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. <u>See</u>

28 U.S.C. § 1332.

Allstate is a citizen of Illinois and Delaware and plaintiffs are Louisiana citizens; thus, the parties are completely diverse. The only dispute is whether the amount-in-controversy requirement is met.

### III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum. See La. Code Civ. P. art. 893(A)(1). The plaintiffs' petition, in conformity with Louisiana law, is silent regarding the quantum of damages. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th

Cir. 1999).

Contrary to Allstate's assertion, it is <u>not</u> facially apparent from the plaintiffs' complaint that their claims likely exceed $75,000.[1]  Thus, Allstate must set forth facts in controversy that support a finding that the jurisdictional amount-in-controversy is met.  <u>See</u> <u>id.</u>  "Removal, however, cannot be based simply upon conclusory allegations."  <u>See</u> <u>Allen v. R&H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted).

Allstate has failed to carry its burden to show that the Zellers seek more than the jurisdictional amount in controversy. Indeed, Allstate provides no jurisdictional facts to support its conclusion that the amount in controversy requirement is met; it has not even asserted a ballpark figure for what the plaintiffs' policy limits were, or what amount has been paid or still disputed. Allstate simply says that, prior to removal, the plaintiffs failed to sign a stipulation that the amount in controversy did not exceed $75,000.  That is not enough.

Based on the plaintiffs' allegations and the jurisdictional facts before the Court, Allstate has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[1] Allstate fails to explain how the amount in controversy could be facially apparent; Allstate merely concludes this and says that plaintiffs' claims "include losses for the residence and contents."

Given Allstate's failure to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Zellers' suit is hereby REMANDED to the Civil District Court for the Parish of Orleans.[2]

New Orleans, Louisiana, April 26, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiffs' motion to set this issue for hearing is now moot.